MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
ADAM J. WAX, ESQ.
Nevada Bar No. 12126
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
*Attorneys for Defendant*
*TREASURE ISLAND, LLC d/b/a*
*TREASURE ISLAND*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS RILES, an Individual,<br><br>              Plaintiff,<br><br>vs.<br><br>TREASURE ISLAND, LLC d/b/a TREASURE ISLAND, a Nevada Limited Liability Company; BOTTLING GROUP, LLC d/b/a PEPSI BEVERAGES COMPANY, a Delaware Limited Liability Company; DOE PEPSI EMPLOYEE I and Individual; DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive,<br><br>              Defendants.<br><br>TREASURE ISLAND, LLC d/b/a TREASURE ISLAND, a Nevada Limited Liability Company,<br><br>              Cross-Claimant,<br><br>vs.<br><br>BOTTLING GROUP, LLC d/b/a PEPSI BEVERAGES COMPANY, a Delaware Limited Liability Company; DOES I-X, inclusive; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>              Cross-Defendants. | Case No.: 2:18-cv-02307-JCM-VCF<br><br>**STIPULATED PROTECTIVE ORDER REGARDING SURVEILLANCE VIDEO** |

| | |
|---|---|
| TREASURE ISLAND, LLC d/b/a TREASURE ISLAND, a Nevada Limited Liability Company, | |
| Third-Party Plaintiff, | |
| vs. | |
| NEW BERN TRANSPORT CORPORATION, a Delaware Corporation; DOES I-X, inclusive; and ROE BUSINESS ENTITIES I-X, inclusive, | |
| Third-Party Defendants. | |

## STIPULATED PROTECTIVE ORDER REGARDING SURVEILLANCE VIDEO

Subject to the approval of this Court, the parties, by and through their attorneys of record, hereby stipulate to the following Protective Order:

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, adequately protect material protected by the attorney-client privilege or otherwise claimed to be confidential, and ensure that protection is afforded only to material so designated, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), hereby **ORDERED** that this Protective Order shall govern the disclosure, handling and disposition of documents, items, video, and information in this litigation as follows:

WHEREAS Defendant, TREASURE ISLAND, LLC d/b/a TREASURE ISLAND, a Nevada Corporation ("Defendant") has in its possession or under its control surveillance video related to this matter that contains trade secrets which are considered confidential, sensitive and/or proprietary by Defendant (hereinafter the "Protected Video"); and

WHEREAS Plaintiff to this action, THOMAS RILES ("Plaintiff") without conceding privacy, the confidentiality, sensitivity or proprietary nature of the Protected Video, wishes to have access to the Protected Video for purposes of prosecuting this lawsuit;

WHEREAS Defendant contends that it could suffer irreparable harm if the Protected Video or its contents were subjected to unauthorized disclosure; and,

WHEREAS Plaintiff contends that Defendant might be required to also provide copies of the Protected Video to the other parties in this case not identified above;

WHEREAS sealing or redaction of the Protected Video is necessary in this case in order to protect intellectual proprietary or property interests such as trade secrets as defined in N.R.S. §600A.030(5);

NOW, THEREFORE, the parties hereto hereby stipulate as follows:

1. The Protected Video to be produced subject to this Protective Order shall, prior to being produced by Defendant, be stamped with a notation on each page thereof stating the following:

### PROTECTED VIDEO

*THOMAS RILES V. TREASURE ISLAND, LLC, et al.,*
United States District Court, District of Nevada, Case No.: 2:18-cv-02307-JCM-VCF. This item/video is subject to a Protective Order. Unauthorized disclosure is prohibited.

Failure to stamp the Protected Video at the time of its production shall constitute a rebuttable presumption that such item is not subject to the terms and conditions of this Protective Order.

2. Counsel for the parties receiving copies of the Protected Video stamped as provided in paragraph 1, above, shall treat such items and their contents as confidential, to be used only for the purposes of this litigation. In particular, counsel shall not give, show or disclose the contents of any such Protected Video to any other person or entity except:

(a) The Court and its employees under seal, pursuant to the requirements of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), Rule 26(c); and LR IA 10-5

Page 3 of 8

(b) The parties' counsel of record, including partners and associate attorneys, and paralegal assistants, stenographic and clerical employees when working under the direct supervision of the counsel of record;

(c) The parties' experts, consultants, agents, employees, officers, directors and investigators who are or will be consulted or retained to assist the parties in their preparation for and conduct of pretrial and trial proceedings in this litigation;

(d) Court reporters and witnesses during depositions, hearing or trial. Disclosure of the identity of said consultants provided by paragraph 4 below, shall not be deemed neither a waiver of either the attorney-client, or the attorney work product privileges, nor a disclosure of expert witnesses, pursuant to the Fed. R. Civ. P., Rule 30 *et seq*.

3. Prior to providing or disclosing the Protected Video to any person described in subparagraphs 2(b) and/or 2(c), above, the parties' counsel shall first inform such person that the Protected Video is to be treated as confidential, to be used only for purposes of this litigation, and that these restrictions are imposed by Court order.

4. Prior to providing the Protected Video to any person, pursuant to section 2(c), above, the parties' counsel shall first provide such person with a copy of this Protective Order and have such person execute an acknowledgment and agreement to be bound by the terms of this Protective Order in the following form:

**ACKNOWLEDGMENT AND AGREEMENT RE: PROTECTED VIDEO**

> The undersigned acknowledges that a Protective Order has been entered in United States District Court, District of Nevada, Case No.: 2:18-cv-02307-JCM-VCF entitled *THOMAS RILES V. TREASURE ISLAND, LLC et al*. The undersigned acknowledges that he/she/it has received and read a copy of the Protective Order, understands the contents thereof, and agrees to be bound by its terms.

**The undersigned acknowledges that violation of the terms of this Protective Order could subject the undersigned to sanctions or damages as provided by law.**

**The undersigned expressly submits to the jurisdiction of the United States District Court, District of Nevada, for purposes of any action which might be necessary to enforce the terms of this Protective Order.**

and retain such signed acknowledgment in its file, pending the final disposition of this action.

5. The disclosure or production by Defendant of the Protected Video, pursuant to this Protective Order, shall not be deemed to concede the relevancy, competency or admissibility of any document, item, or of any matter set forth therein, and shall not be deemed a waiver of any privilege.

6. Any documents or items stamped as containing any confidential information or any reference thereto, including without limitation, all deposition transcripts, document requests and responses thereto, interrogatories, interrogatory answers, other discovery documents, briefs, motions, declarations, and/or points and authorities shall be subject to this Protective Order and shall not be served on or provided to any person other than the categories of authorized parties designated in paragraph 2, above.

7. Upon the written request of the producing party and not later than thirty (30) days following the final disposition of this action, whether by dismissal, settlement, final judgment or otherwise, counsel for all other parties shall deliver to counsel for the producing party all copies of the Protected Video in their possession or under their control, including copies provided to experts, consultants and any other person described in subparagraphs 2 (c), above. Counsel shall, concurrently with delivery of the Protected Video, deliver to counsel for the producing party the signed acknowledgments regarding Protective Order executed pursuant to paragraph 3, above, and shall provide written certificates to Defendant's counsel that the terms of the Protective Order have been complied with by counsel of record by the parties. Responding counsel shall be

required to certify that counsel of record, including partners and associate attorneys, and paralegal assistants, stenographic, clerical employees when working under the direct supervision of the counsel of record, the parties' experts, consultants, agents, employees, officers, directors and investigators who are or will be consulted or retained to assist the parties in their preparation for and conduct of pretrial and trial proceedings in this litigation, and witnesses within responding counsel's control have complied with this Protective Order. Responding party shall not be required to certify that Court personnel, court reporters or witnesses not within responding counsel's control have complied with this Protective Order.

8. Nothing in this Protective Order shall be deemed as a waiver of Defendant's rights to assert the attorney-client privilege and work product doctrine over any documents Defendant deems appropriate and on such basis.

9. This Protective Order shall continue to remain in full force and effect after the case is resolved.

10. This Protective Order encompasses the complete and entire agreement between the parties concerning the subject matter hereof. The terms of this Protective Order shall not be modified except by a subsequent writing signed by both parties, and ordered by the Court.

11. Should any third party seek access to the Protected Video, by request, subpoena or otherwise, the specific parties hereto and/or any other recipient of the Protected Video, as applicable, shall promptly notify Defendant's counsel in writing of such request, subpoena or otherwise, and shall refrain from providing any such access unless compelled by Court order or law to release the Protected Video.

12. Any dispute which arises under this stipulation and order, including any effort to contest the designation of the Protected Video as confidential, shall be resolved by Motion made before the Court upon not less than twenty (20) days written notice. If the designation, or

absence of designation, of the Protected Video as confidential is contested, the party challenging the status of the item/video shall have the burden of proof.

DATED: February 20th, 2019.    KRAVITZ, SCHNITZER & JOHNSON, CHTD.

By: */s/ Adam J. Wax, Esq.*
MARTIN J. KRAVITZ, ESQ.
ADAM J. WAX, ESQ.
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
*Attorneys for Defendant,*
*Treasure Island, LLC d/b/a Treasure Island*

DATED: February 20th, 2019.    CLAGGETT & SYKES LAW FIRM

By: */s/ Jennifer Morales, Esq.*
SEAN K. CLAGGET, ESQ.
JENNIFER MORALES, ESQ.
SHANNON L. DIAZ, ESQ.
CLAGGET & SYKES LAW FIRM
*Attorney for Plaintiff,*
*THOMAS RILES*

DATED: February 20th, 2019.    HARPER SELIM

By: */s/ James E. Harper, Esq.*
JAMES E. HARPER, ESQ.
HARPER SELIM
*Attorney for Defendant,*
*BOTTLING GROUP, LLC d/b/a PEPSI BEVERAGES COMPANY*

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the foregoing Stipulated Protective Order is APPROVED.

**IT IS SO ORDERED:**

DATED this 21st day of February, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

RESPECTFULLY SUBMITTED BY:
KRAVITZ, SCHNITZER, & JOHNSON CHTD.
*/s/ Adam J. Wax, Esq.*
MARTIN J. KRAVITZ, ESQ., Nevada Bar No. 83
ADAM J. WAX, ESQ., Nevada Bar No. 12126

## Exhibit "A"

## LIMITED SPECIAL APPERANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL MATERIAL

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order dated _____, 2019 and agreed to by the parties (the "Protective Order") in the action titled **THOMAS RILES V. TREASURE ISLAND, LLC et. al., United States District Court, District of Nevada, Case No.: 2:1-cv-02307-JCM-VCF.** I understand the terms of the Protective Order and under oath consent to be bound by such terms as a condition to being provided access to the Confidential Materials furnished by the parties in this action. Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by the producing parties in this action and are not waived by the disclosure provided for herein.

Furthermore, in the event of the breach of this Agreement, I recognize that the producing parties may pursue all civil remedies available to them as third-party beneficiaries of this Agreement.

DATED: _____

SUBSCRIBED AND SWORN TO BEFORE
ME THIS ____ day of _____, 2019.

_____
Name

_____
Notary Public, State of Nevada
My Commission Expires:

_____
Firm

_____
Address

_____
Telephone Number

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123