# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

THOMAS RILES,

          Plaintiff,

vs.

TREASURE ISLAND, LLC, *et al.*,

          Defendants.

And all related actions.

Case No. 2:18-cv-02307-JCM-VCF

**ORDER**

MOTION TO AMEND [ECF NO. 46]

Before the Court is Plaintiff Thomas Riles' Motion for Leave to Amend Complaint. (ECF No. 46). For the reasons discussed below, Plaintiff's motion is granted.

## BACKGROUND

This case arises from an incident at Treasure Island when an employee of New Bern Transport Corporation allegedly tripped Plaintiff with a cart. (ECF No. 32 at 4). Plaintiff's First Amended Complaint refers to the employee as "Doe Employee I," as the employee's identity was unknown. (*Id.* at 2). Plaintiff brought negligence claims against Treasure Island, New Bern Transport Corporation, and Doe Employee I. (*Id.* at 4-10).

Plaintiff now moves to "amend his Complaint to name Joseph Cobb as the New Bern Transport employee that tripped him with the tool cart giving rise to the subject incident." (ECF No. 46 at 2). Plaintiff recently learned of Cobb's identity during discovery in this case. (*Id.* at 3-5). Defendants did not file an opposition to the motion to amend.

1

## DISCUSSION

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In addition, under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion."

Because Defendants do not oppose Plaintiff's motion, Defendants have consented to the Court granting the motion. The Court also finds grounds to grant Plaintiff leave to amend the complaint. Plaintiff seeks to name a Defendant previously identified as "Doe Employee I" soon after Plaintiff learned of the employee's identity. There is no apparent bad faith or undue delay in the motion for leave to amend. The amendments do not appear to prejudice Cobb, as Plaintiff has indicated since the beginning of the case that he seeks to bring a claim against the employee who allegedly tripped him. The amendment is not facially futile.[1]

However, the proposed amended complaint is titled "Plaintiff's First Amended Complaint." (ECF No. 46 at 15). Plaintiff has already filed a First Amended Complaint (ECF No. 32), and this will be Plaintiff's Second Amended Complaint. Plaintiff must make this correction when filing this pleading.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 46) is GRANTED.

---

[1] The Court is not ruling on the merits of Plaintiff's relation-back argument at this point in the case. (ECF No. 46 at 6-11).

IT IS FURTHER ORDERED that Plaintiff has until July 12, 2019 to file the second amended complaint.

IT IS SO ORDERED.

DATED this 2nd day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE